United States Bankruptcy Court for the Western District of Louisiana: Monroe Division

# Chapter 13 Plan – Western District of Louisiana

| |
|---|
| ☐ Check here if this is a modified plan. |
| ☐ Check here if this is an amended plan. |
| List below the sections that have been changed.                    Reason for Amendment/Modification |
| | |

**Part 1:** Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial division. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditor(s):** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.
If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.
The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| | | | |
|---|---|---|---|
| 1.1 | This Plan sets out Nonstandard Provisions in Part 9. | ☑ Included | ☐ Not Included |
| 1.2 | This Plan limits the amount of Secured Claims in 3.1 and/or 3.2 based on a Valuation of the Collateral for the claim. | ☑ Included | ☐ Not Included |
| 1.3 | This Plan avoids a Security Interest or Lien in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.4 | This Plan cures or maintains a loan secured by the Debtor's Principal Residence in 3.1. | ☐ Included | ☑ Not Included |
| 1.5 | This Plan provides for the treatment of a Domestic Support Obligation in 4.3 and/or 4.4. | ☐ Included | ☑ Not Included |
| 1.6 | This plan includes a claim that was either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s); or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value in 3.3. | ☐ Included | ☑ Not Included |

**Part 2:**  **Plan Payments and Length of Plan**

**2.1   Debtor(s) will make regular payments for a total of** <u>60</u> **months to the trustee as** follows:

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

☑ **Original Plans.** <u>$885.00</u> per <u>Month</u> for <u>60</u> months, *and*

$_____ per _____ for _____ months.

$_____ per _____ for _____ months.

*Insert additional lines if needed.*

☐ **Modified Plans.** $_____ per _____ for _____ months; then

$_____ per _____ for _____ months, *and*

$_____ per _____ for _____ months.

*Insert additional lines if needed.*

| **Check one:** The applicable commitment period is: | 36 months (Below Median Income) ☑ |
|---|---|
| | 60 months (Above Median Income) ☐ |

**2.2   Regular payments to the trustee will be made from future income in the following manner:**

Debtor(s) will make payments pursuant to a payroll deduction unless otherwise excused by the Chapter 13 Trustee or the Bankruptcy Court.

**Income tax refunds.** During the pendency of this case debtor(s) shall file both Federal and State Income Tax Returns timely and provide copies of same to the Standing Chapter 13 Trustee immediately upon filing of each annual return.

Debtor(s) will pledge income tax refunds as follows:

The debtor(s)pledges federal and state tax refunds as required by the confirmation order and any and all other applicable orders and rulings issued by the Court.

**2.3   Additional Payments. (In addition to 2.1 above)**

*Check one.*

☐ **None.** *If "none" is checked, the rest of § 2.3 need not be completed or reproduced.*

☑ Debtor(s) pledge fifty (50) percent (or until all allowed unsecured claims are paid in full) of the net recovery from all causes of action, liquidated or unliquidated, unless otherwise ordered by the Court after a notice and a hearing. In all cases in which the debtor has acquired/acquires a pre-petition or post-petition cause of action, the employment and compensation of special counsel, and the compromise of any claim, shall be approved by the Bankruptcy Court pursuant to 11 U.S.C. §§ 327-329, and the filing of such pleading shall be noticed on all parties.

☐ Debtor(s) will make additional payment(s) to the trustee from other sources, including the sale of property, as specified below. Describe the source, amount, and date of each anticipated payment.

**Part 3:**  **Treatment of Secured Claims**

**3.1   A. Maintenance of payments and cure of default of** <u>Principal Residence</u> **under** 1322(b)(3), including post-petition default payments, if any.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts listed below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of Creditor | Description of Collateral | Current Installment Payment (Including escrow) | Pre-petition Amount of Arrearage, if any | Current Monthly Payment Begins |
|---|---|---|---|---|
| Ouachita Valley Fcu | 309 Fannin Rd. | $650.00<br>☐ Trustee<br>☑ Debtor<br>☐ Third Party - Name & Relationship to Debtor(s) | $0.00 | June 2019 |

☐ The trustee shall pay post-petition default payments for mortgage payments in the following amounts and coming due during the months itemized.

| Name of Creditor | Description of Collateral | Current Installment Payment (including escrow) | Specified Months for Default | Post-Petition Total Unpaid |
|---|---|---|---|---|

B. Maintenance of payments and cure of default other than Principal Residence under 1322(b)(3), including post-petition default payments, if any.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☐ The trustee shall pay post-petition default payments for mortgage payments in the following amounts and coming due during the months itemized.

| Name of Creditor | Description of Collateral | Current Installment Payment (including escrow) | Specified Months for Default | Post-Petition Total Unpaid |
|---|---|---|---|---|

3.2 **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

3.3 **Secured claims excluded from 11 U.S.C. § 506. (11 U.S.C. §1325(a) - 910 day Car Claim or 365 day Personal Property).**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked. (1.6)*

☑ The claims listed below were either: (1) Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (2) Incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of Creditor | Collateral Description | Amount of Claim | Interest Rate | Estimated avg. monthly payment to creditor |
|---|---|---|---|---|
| Ally Financial | 2017 Toyato Highlander | $36,346.00 | 7.50% | $728.30 |

3.4 **Lien Avoidance.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5 **Surrender of collateral.**

*Check one.*

[LAWB.Surrender

**Part 4:** Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.4, will be paid in full without post- petition interest.

**4.2 Administrative fees**

Counsel elects the standing order "no look" fee. Yes ☑ No ☐

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be ten percent of plan payments.

The debtor(s) attorney is awarded a fee in the amount of $3,600.00 of which $3,600.00 is due and payable from the bankruptcy estate.

Included in this amount is a fee in the amount of $0 for the modification. Fees are limited to the appropriate "No Look" fee amount or the allowed amount subject to a normal fee application.

**4.3 Priority claims other then attorney's fees and those treated in § 4.4.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.3 need not be completed or reproduced.*

☑ The debtor estimates the total amount of other priority claims to be as follows:

Domestic Support Obligations prepetition arrears other than those provided in 4.4 below shall be disbursed by the Trustee.

| Claimant | Nature of Claim | Amount |
|---|---|---|
| -None- | | |

Ongoing Domestic Support Obligations shall be disbursed by debtor.

All other unsecured priority claims including tax claims shall be disbursed by trustee as follows:

| Claimant | Nature of Claim | Amount |
|---|---|---|
| Colorado Department of Revenue | | $230.00 |

**4.4 Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☑ **None.** *If "none" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months; see 11 U.S.C. § 1322(a)(4).*

| Name of Creditor | Amount of Claim to be Paid |
|---|---|
| | $ |

☐ Trustee
☐ Debtor(s)
☐ Third Party - Name & Relationship to Debtor(s)

**Part 5:** Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. Unscheduled nonpriority unsecured debts to which a timely proof of claim is filed will be allowed, unless objected to. All non-priority debts on schedule E/F, and unsecured and undersecured debts on schedule D, are incorporated herein by reference.

Based upon the scheduled unsecured and undersecured claims in the amount of $46,112.00, it is anticipated unsecured creditors will be paid approximately $12.04, which is approximately 0.03% percent of their respective claims. However, the amount paid on any claim may vary depending on the actual filed and allowed claims.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid no less than $0.00. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Other separately classified nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**Part 6:** Executory Contracts, Unexpired Leases, and Unmodified Secured Debts paid per contract

**6.1** The executory contracts, unexpired leases, and Unmodified Secured Debts paid per contract listed here are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**Part 7:** **Vesting of Property of the Estate**

7.1    Property of the estate will vest in the debtor(s) upon entry of discharge or dismissal.

**Part 8:** **Other Plan Provisions**

8.1    Adequate Protection Payments:

Debtor(s) shall pay adequate protection payments and/or lease payments as scheduled below to the trustee. If the case is dismissed pre-confirmation the trustee shall disburse these adequate protection payments to the creditor, one for each plan payment received while the case was pending.

| Creditor | Adequate Protection Payment |
|---|---|
| Ally Financial | $364.15 |

8.2    Changed Circumstances.

Debtor(s) shall fully and timely disclose to the trustee any change in income, marital status, domestic support obligation, employment, address, or financial recovery to which debtor(s) become entitled, including without limitation, claims for personal injury, employment, worker's compensation, unemployment compensation, inheritance, life insurance, lottery proceeds, or property settlements. These funds shall be treated upon motion by trustee, debtor(s), or any party in interest.

**Part 9:** **Nonstandard Plan Provisions**

☐ **None**. *If "none" is checked, the rest of Part 9 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the* Official Chapter 13 Plan Form for the Western District of Louisiana *or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.1.

The debtor(s) attorney is reimbursed for an administrative claim in the amount of $250.00 pursuant to 11 U.S.C. 503 (b), for cost associated with noticing out pleadings for the duration of the bankruptcy case.

Debtor elects to pay direct.

**Part 10:** **Signatures**

/s/ E. Orum Young III
Signature of Attorney for Debtor(s)                                    Date: 06/21/2019

/s/ James Adam Wheelis
Debtor                                                                           Date: 06/21/2019

Joint Debtor                                                                   Date: 06/21/2019

Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)

By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in Official Chapter 13 Plan Form for the Western District of Louisiana, other than any nonstandard provisions included in Part 9.

Revised 1/25/2018                                                    Chapter 13 Plan